| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 1/20/2010<br>11:30 a.m. |

*Varney v. Nynex Management Pension Plan et al*, **CV 07-695 (LDW) (AKT)**

TYPE OF CONFERENCE:	DISCOVERY STATUS CONFERENCE

APPEARANCES:	Plaintiff:	Peter Romero

		Defendant	Frederick Sandstrom (for all Defendants except Hewitt
				Associates Comp. LLC)

SCHEDULING:

	Oral argument on Plaintiff's anticipated motion regarding conflict of interest will be held on March 31, 2010 at 10:30 a.m.

THE FOLLOWING RULINGS WERE MADE:

1.	This case was recently reopened based upon the completion of the administrative proceedings below. I met with counsel today to establish a discovery schedule and was advised by the attorneys that document demands and interrogatories had previously been served and responded to in this case. Several issues of have come up with regard to certain aspects of discovery in this ERISA action and those are discussed in turn below

2.	Plaintiff's counsel states that he expects to file an amended complaint. However, prior to doing so, he needs to obtain the full administrative record from defendants in order to review the same. Defendants' counsel disclosed that he should be able to provide this information within approximately two weeks. After discussing this issue with counsel for both sides, I directed that if plaintiff intends to pursue the filing of an amended complaint, he must do so no later than March 10, 2010. Assuming that the defendants have consented to the filing of an amended complaint, counsel should file a stipulation to that effect as soon as possible.

	Plaintiff's counsel has advised that he does not intend to name Hewitt Associates Comp., LLC as a party in any amended complaint.

3.	There may be a dispute with regard to the scope of review in this action. Plaintiff has not yet reviewed the language of the plan document to assess whether the plan gives "discretionary authority" to the plan administrator. I have directed plaintiff's counsel to review the applicable language. Defendants' counsel has advised that he will assist plaintiff's counsel in this process by designating the applicable portions of the plan documents for this review to occur, rather than having Plaintiff's counsel spend the considerable time which would be necessary to review the entire plan document. If, after reviewing the plan document language, plaintiff agrees that the plan does provide the plan administrator with disscretionary authority, then counsel is to notify the court in writing on ECF of his concurrence no later than February 2, 2010. If plaintiff's counsel does not agree that the plan provides discretionary authority to the plan

   administrator, then counsel for both sides are directed to contact my Chambers by February 2, 2010 to set up a telephone conference.

4. Typically, discovery in these ERISA actions is limited to the administrative record. However, plaintiff's counsel asserts that he believes there may be "conflict of interest" issues which, if confirmed, may broaden the scope of discovery.  I am giving plaintiff 30 days to brief this issue, and counsel  will observe the following schedule:

- Plaintiff's brief to be served by February 24, 2010;
- Defendants' opposition brief to be served by March 12, 2000;
- Plaintiff's reply, if any, to be served by March 19, 2010;
- Oral argument on the motion is set for March 31, 2010 at 10:30 AM

Counsel have been advised that because this is a discrete issue, I am limiting the briefs to ten (10) pages, with the exception of the reply brief which has a limitation of five pages.

5. We will take up the issue of further scheduling and whether depositions are appropriate in this matter at the March 31, 2010 oral argument.

                   SO ORDERED

                   /s/ A. Kathleen Tomlinson
                   A. KATHLEEN TOMLINSON
                   U.S. Magistrate Judge