**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RICHARD VARNEY *individually and as*
*Administrator of the Estate of*
*Lillian Varney, deceased*
                                Plaintiff,

                - against -

NYNEX MANAGEMENT PENSION PLAN,
NYNEX, NYNEX INITIAL CLAIMS
COMMITTEE, NYNEX EMPLOYEE
BENEFITS COMMITTEE, VERIZON
COMMUNICATIONS, INC., VERIZON
EMPLOYEE BENEFITS COMMITTEE,
HEWITT ASSOCIATES COMP., LLC,
NYNEX MANAGEMENT GROUP
LIFE INSURANCE PLAN, NYNEX
SUPPLEMENTARY GROUP LIFE
INSURANCE PLAN,
                                Defendants.
-----------------------------------------------------------X

**ORDER**

CV 07-695 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has received Defendants' motion [DE 41] to adjourn oral argument on the appropriate scope of discovery, which is currently scheduled for April 20, 2010. Plaintiff has consented to the adjournment. Therefore, Defendants' motion is GRANTED, to the extent it seeks to adjourn the oral argument date. However, the Court is unable to conduct to the oral argument on the dates suggested by the parties. Accordingly, oral argument is rescheduled for **May 14, 2010 at 2:30 p.m.** If counsel for either party is unavailable on this date, then counsel are directed to contact my Chambers together promptly to arrange a date and time that is mutually convenient for the Court and counsel.

      Defendants also move for an extension of the deadlines for Plaintiff to file an amended complaint and for Defendants to file an answer to the amended complaint. Counsel states that

the parties have "agreed to stipulate to extend plaintiff's deadline to file an amended complaint until May 14, 2010 and to extend the deadline for the Verizon defendants to answer plaintiff's complaint until May 28, 2010." *See* DE 41. Despite the parties' agreements to these extensions, however, the Case Management and Scheduling Order entered in this case [DE 19] makes clear that the parties are not permitted to agree to extensions of pretrial deadlines on their own, but rather must make a timely written application to the Court. *See* DE 19, ¶ VI ("Modifications to the Schedule"). In the instant case, following the January 20, 2010 Conference, I directed that "if Plaintiff intends to pursue the filing of an amended complaint, he must do so no later than March 10, 2010. Assuming that the defendants have consented to the filing of an amended complaint, counsel should file a stipulation to that effect as soon as possible." *See* DE 33. Despite this directive, the parties neither filed a stipulation nor requested an extension of this deadline. In this instance only, I will permit the parties to file the proposed stipulation referenced in the correspondence and will "so order" the Stipulation once it is filed. Going forward, however, counsel are cautioned that these issues must be worked out in advance with the Court and the requests have to be made within the respective deadlines set forth in the Case Management and Scheduling Order. The parties are directed to file the Stipulation within ten (10) days of receipt of the decision on the appropriate scope of discovery.

**SO ORDERED.**

Dated: Central Islip, New York
April 14, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge