UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD VARNEY, JR., individually and as
Administrator to the Estate of Lillian Varney,
Deceased,

                        Plaintiff,                    MEMORANDUM AND ORDER

    -against-                                CV 07-0695 (LDW) (AKT)

VERIZON COMMUNICATIONS, INC., *et al*.,

                        Defendants.
------------------------------------------------------------X
WEXLER, District Judge

      By order dated June 14, 2012, the Court referred the parties' cross-motions for summary judgment to Magistrate Judge A. Kathleen Tomlinson for consideration. The magistrate judge issued a Report and Recommendation, dated March 1, 2013 ("R&R"), familiarity with which is assumed.

      Defendants have filed a limited objection to the R&R, urging the Court to (1) reject the R&R to the extent that it recommends that this Court grant plaintiff summary judgment on the Death Benefit claim with respect to VMPP and the VEB Committee; and (2) enter summary judgment against plaintiff on all claims. Plaintiff has filed a response thereto, urging this Court to overrule the limited objection.

      The Court reviews *de novo* that portion of the R&R to which defendants object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Where a plan, such as the one here, gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the court reviews the administrator's interpretation of disputed or ambiguous terms for an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Moreover, "when the terms of a plan grant discretionary authority to the plan

2

administrator, a deferential standard of review remains appropriate even in the face of a conflict." *Conkright v. Frommert*, 130 S. Ct. 1640, 1646 (2010) (citing *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350-51 (2008)). Under this deferential standard, "a court may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning 'without reason, unsupported by substantial evidence or erroneous as a matter of law.' " *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)). " 'Where both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the administrator's interpretation must be allowed to control.' " *Id.* (quoting *Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92-93 (2d Cir. 2000)). " 'Nevertheless, where the administrator imposes a standard not required by the plan's provisions, or interprets the plan in a manner inconsistent with its plain words, its actions may well be found to be arbitrary and capricious.' " *Id.* at 133 (quoting *Pulvers*, 210 F.3d at 93)).

Upon consideration, the Court agrees with defendants' limited objection. The Court concludes that the Plan administrator's interpretation of the Plan to preclude the payment of a Death Benefit to a former employee who dies without a surviving eligible beneficiary is not arbitrary and capricious. Affording the Plan administrator the appropriate degree of deference, the Court finds that the Plan administrator's interpretation is at least a reasonable one and, as such, must be upheld. The Plan administrator interpreted Section 5.6 as expanding eligibility for the Sickness Death Benefit (or the Accident Death Benefit) to include a former employee who remains disabled from the time he/she ceased employment until the time of his/her death, but limiting the amount of the Death Benefit to the amount of the Sickness Death Benefit (or the

Accident Death Benefit) that "could have been paid" to the former employee as of his/her last day of employment. In applying its interpretation, the Plan administrator determined that had Ms. Varney died on her last day of employment in December 1993, the amount that "could have been paid" for a Sickness Death Benefit was $0, because Ms. Varney did not have an "eligible beneficiary," as required by Section 5.4 for recovery of a Sickness Death Benefit under Section 5.2. The Court finds that the Plan administrator's interpretation of the Plan to preclude the payment of a Death Benefit to a former employee who dies without a surviving eligible beneficiary is not inconsistent with the Plan's language and it does not read an "impermissible limitation" into Section 5.6, as the magistrate judge concludes. Rather, it is a reasonable interpretation, albeit one which conflicts with the claimant's interpretation. As such, the Court must defer to the Plan administrator's interpretation and uphold the Plan administrator's determination. *See McCauley*, 551 F.3d at 132.

Thus, the Court adopts the R&R except to the extent that it recommends that this Court grant plaintiff summary judgment on the Death Benefit claim with respect to VMPP and the VEB Committee. Accordingly, the Court denies plaintiff's motion for summary judgment and grants defendants' motion for summary judgment. The Clerk of Court is directed to enter judgment for defendants and against plaintiff, and to close the file.

    SO ORDERED.

                                       _____/s/_____
                                       LEONARD D. WEXLER
                                       UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 30, 2013